**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TIMOTHY FLOWERS,
Plaintiff-Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 98-2112

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Charles E. Simons, Jr., Senior District Judge.
(CA-96-2724-5-6JI)

Submitted: February 16, 1999

Decided: March 19, 1999

Before WIDENER, ERVIN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

B. Henderson Johnson, Jr., Todd James Johnson, JOHNSON, JOHN-
SON, WHITTLE & SNELGROVE, Aiken, South Carolina, for
Appellant. Frank W. Hunger, Assistant Attorney General, J. Rene
Josey, United States Attorney, John Berkley Grimball, Assistant
United States Attorney, Deana R. Ertl-Lombardi, Chief Counsel,
Region III, Thomas H. Kraus, Assistant Regional Counsel, Office of
the General Counsel, SOCIAL SECURITY ADMINISTRATION,
Denver, Colorado, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy Flowers filed an application for disability insurance and Supplemental Security Income in May 1995, alleging disability as of May 1992. Both applications were denied initially and upon reconsideration. A hearing was held in May 1995, and the Administrative Law Judge ("ALJ") denied the application; the Appeals Council affirmed. The ALJ's decision then became the Commissioner's final decision. Flowers then filed a complaint in the district court challenging the final decision of the Commissioner. The magistrate judge recommended affirming the Commissioner's decision, and the district court affirmed. Flowers noted a timely appeal.

We review the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1998); Hays v. Sullivan, 907 F.2d. 1453, 1456 (4th Cir. 1990). Flowers asserts that substantial evidence does not support the ALJ's finding of no disability and that the Appeals Council failed to accord controlling weight to the opinion of Flowers' treating physician.

The evidence establishes that Flowers suffers from ongoing partial complex seizures and grand mal seizures. In 1987, Flowers was involved in an experimental medication study to control seizures but was removed from the study because of his use of cocaine and other substances. At that time, Dr. Gallagher, a neurologist, prescribed Dilantin and noted that Flowers' seizures had been well controlled with the anticonvulsant medication. In 1988, Dr. Gallagher noted that Flowers suffered from seizures due to noncompliance with his prescribed medication. In 1990, Flowers reported no seizure activity for the past two years.

In May 1994, Flowers was evaluated by Dr. Richard A. Eisenberg, a neurologist, who increased Flowers' medication. In December 1994,

2

Flowers reported that he continued to have seizures but had not lost consciousness in two months. In January 1995, Flowers reported increased seizure activity and it was noted that his blood Dilantin level was below normal.

At the hearing, Flowers testified he continued to have seizures in which he went unconscious but his typical seizure lasted from fifteen seconds to a minute during which he remained conscious. Flowers had these seizures two to three times per week. Flowers also stated that during a typical day, he got up in the morning to take his medication and then went back to sleep for a while. When he woke up again, he did household chores, read, carved wood, and visited friends. A vocational expert ("VE") also testified after examining the evidence and responded to a hypothetical question that included a profile of Flowers' functional capacity. The VE stated that there were a significant number of jobs in the national economy which Flowers could perform. From the evidence presented at the hearing, the ALJ determined that Flowers was not disabled within the meaning of the Social Security Act. Four months following the ALJ's decision, Flowers was hospitalized for a seizure. Flowers submitted a letter to the Appeals Council from Dr. Eisenberg stating that Flowers was unable to engage "in any substantial employment." The Appeals Council affirmed the ALJ's decision.

Flowers asserts that the ALJ's finding of no disability is not supported by substantial evidence. A five step sequential test is used to evaluate a claim of disability. See 20 C.F.R. § 404.1520 (1998). The ALJ must first determine whether the claimant is engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1510(a), 404.1520(a). If the claimant is not engaged in substantial gainful activity, the next inquiry is whether the claimant is severely impaired for the period required by the regulations. See 20 C.F.R.§§ 404.1509, 404.1520(c). If the claimant is severely impaired, then the next inquiry is whether the impairment meets or equals one listed in 20 C.F.R. § 404, Subpart. P, App. 1. If the impairment is not equivalent to a listed impairment, the ALJ must then determine whether the impairment prevents the claimant from performing past relevant work. 20 C.F.R. § 404.1520(e). At the final step of the inquiry, "the burden shifts to the [Commissioner] to produce evidence that other jobs exist in the national economy that the claimant can perform given his age, educa-

3

tion, and work experience." <u>Hunter v. Sullivan</u>, 993 F.2d 31, 35 (4th Cir. 1992).

The record discloses that Flowers had not engaged in substantial gainful activity since February 1994 and did not have a severe impairment or any impairment equivalent to those listed in the regulations during the period of disability. Though Flowers could not perform his past relevant work,[1] the ALJ properly determined that Flowers did have the residual functional capacity to perform light work activity in which he would not be exposed to heights or hazards. [2] The evidence established that Flowers responded well to anticonvulsant medication. "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." <u>Gross v. Heckler</u>, 785 F.2d. 1163, 1166 (4th Cir. 1986). Also, Flowers' subjective allegations as to the severity of his seizures were not supported by the record. Flowers claimed that he had to lie down for one to three hours following a seizure but never reported this to his treating physician. The evidence also established that Flowers skipped medication doses. Further, the VE testified as to jobs available in the national economy that Flowers could perform.

Flowers also asserts that the Appeals Council failed to accord controlling weight to the medical opinion of his treating physician, Dr. Eisenberg. Under the Social Security regulations, a treating physician's opinion need not be given controlling weight unless: (1) it is well supported by medically acceptable clinical and laboratory diagnostic techniques and (2) it is not inconsistent with the other substantial evidence of record. <u>See</u> 20 C.F.R. § 404.1527(d). Dr. Eisenberg's letter failed to provide any explanation as to why Flowers' impairments prevented him from working. Also, prior to Flowers' hospitalization, Dr. Eisenberg had not restricted Flowers' activities. Further, the record discloses that the attending physician in the emergency room concluded that Flowers had been noncompliant with his medication and told Flowers not to skip doses of Dilantin. Thus, the opinion of Dr. Eisenberg did not overcome the substantial evidence

_____

[1] Flowers worked as a grass layer, carpenter's helper, forklift driver, stock attendant, and janitorial worker.

[2] Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. <u>See</u> 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

supporting the ALJ's decision. We therefore find the Secretary's decision supported by substantial evidence and based on correct legal standards.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5